# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DESMOND ARNEZ MILLS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-1166-NCC |
| ST. LOUIS CITY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Desmond Arnez Mills for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion. The Court will not assess an initial partial filing fee at this time. *See* 18 U.S.C. § 1915(b)(4). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement for the six-month period immediately preceding the filing of the complaint. The statement shows that no deposits have been made to plaintiff's account, and that plaintiff has consistently had a zero account balance. The Court will therefore not assess an initial partial filing fee at this time. *See* 18 U.S.C. § 1915(b)(4).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff is an inmate at the Eastern Reception, Diagnostic and Correctional Center. He is also presently a criminal defendant in the case *State v. Desmond Arnez Mills*, No. 1722-CR01106-01 (22nd Jud. Cir. 2016), where he is charged with First Degree Murder, Armed Criminal Action, Shooting a Firearm at or From a Motor Vehicle/Shoot at Person, and Unlawful Possession of a Firearm.

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against the City of St. Louis, and City of St. Louis law enforcement officers Joseph M. Morrell, Susan McClain, Sean

M. Murphy, Darrell L. Holmes, John Motton, and Unknown Officer. He states he sues the individual defendants in their official and individual capacities.

Plaintiff alleges that various law enforcement officers responded to a "shots fired" call on July 26, 2017. He alleges that Motton and Unknown Officer obtained keys from a maintenance worker to search a property that is owned by another person. He does not allege anything was recovered from that search.

Plaintiff alleges that Morrell "submitted a wanted" for unlawful possession of a firearm that McClain approved even though no firearm was recovered. He alleges that Murphy submitted a warrant for unlawful possession of a firearm that Holmes approved even though there was no firearm in evidence. He states that McClain, Holmes, Morrell, Murphy, Motton and Unknown Officer "acted with deliberate indifference when they knowingly committed perjury in a felony criminal proceeding which also shows inadequate and flawed employment screening" by the City of St. Louis and the St. Louis Metropolitan Police Department. (Docket No. 1 at 6). Plaintiff states that his Fourth Amendment rights were violated, and that he was subjected to false arrest, false imprisonment, excessive bail, and denial of equal protection.

**Discussion**

Plaintiff's official capacity claims against all of the law enforcement officer defendants will be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the St. Louis Metropolitan Police Department. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Municipal departments, such as police departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

Plaintiff's claims against the City of St. Louis will also be dismissed, as he has not alleged a direct causal link between a municipal policy or custom and the alleged constitutional violation, *see Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978), nor has he set forth any non-conclusory allegations regarding any alleged negligent employment practices. *See Martin,* 623 F.2d at 1286 (even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law).

The Court now turns to plaintiff's individual capacity claims against the law enforcement officer defendants. Plaintiff's alleges that Motton and Unknown Officer obtained keys and searched property that belonged to someone else. This allegation fails to state a claim for relief. Nothing in the complaint permits the conclusion that plaintiff himself was the recipient of any intrusion. There are no allegations that plaintiff had any legal interest in the property or in anything located there, and plaintiff does not allege that anything recovered from the property is being used against him in his pending criminal matter. He does not allege that he was present at the time of the search, or that he interacted with any defendant. In sum, plaintiff does not explain how his own constitutional rights were implicated when the property or anything on it was searched. In order to proceed on a claim for an infringement of Fourth Amendment rights, a plaintiff must assert his own legal rights and interests rather than the rights of someone else. *Rakas v. Illinois*, 439 U.S. 128, 139 (1978). Being the object of the search is not sufficient to establish plaintiff's standing to sue. *Id.*

Next, plaintiff alleges that McClain, Holmes, Morrell, Murphy, Motton and Unknown Officer were "deliberately indifferent" when they "committed perjury." These statements are legal conclusions that are not entitled to the presumption of truth. Plaintiff fails to allege even the most basic of facts, such as what testimony the officers gave that allegedly amounted to

perjury. As noted above, while *pro se* complaints must be construed liberally and additional details may be exposed later after discovery, the complaint must still allege sufficient facts to support the claims advanced. *See Stone*, 364 F.3d at 914.

Finally, plaintiff suggests that Morrell, McClain, Murphy and Holmes issued warrants or otherwise caused warrants to issue for plaintiff's arrest for unlawful possession of a firearm, even though no firearm was in evidence. These allegations do not state a viable claim for false arrest. Plaintiff does not allege that any of these officers actually arrested him, nor does he allege that they lied on their warrant applications. The mere fact that a firearm is not in evidence does not mean that it was a violation of plaintiff's constitutional rights to arrest him for unlawful possession of a firearm, as plaintiff was also charged with First Degree Murder and other firearms charges. The Court concludes that plaintiff has failed to state a viable false arrest or false imprisonment claim against any named defendant.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of October, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE